IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| B&B ELECTRICAL AND UTILITY CONTRACTORS, INC. and SOUTHERN ELECTRIC CORPORATION OF MISSISSIPPI,<br><br>Plaintiffs,<br><br>vs.<br><br>FLUOR ENTERPRISES, INC. and FLUOR DANIEL CARIBBEAN, INC.<br><br>Defendants. | Civil Action No.: _____<br><br><br><br>**COMPLAINT**<br>**[Jury Trial Requested]** |

**COME NOW** Plaintiffs B&B Electrical and Utility Contractors, Inc. and Southern Electric Corporation of Mississippi (collectively, the "**Plaintiffs**"), complaining of Defendants Fluor Enterprises, Inc. and Fluor Daniel Caribbean, Inc. (collectively, the "**Defendants**"), and allege and say as follows:

**PARTIES, JURISDICTION & VENUE**

1. Plaintiff B&B Electrical and Utility Contractors, Inc. ("**B&B**") is a corporation organized and existing under the laws of the State of Mississippi.

2. Plaintiff Southern Electric Corporation of Mississippi ("**SEC**") is a corporation organized and existing under the laws of the State of Mississippi.

3. Upon information and belief, Defendant Fluor Enterprises, Inc. ("**Fluor Enterprises**") is a corporation organized and existing under the laws of the State of California. At all times pertinent hereto, Fluor Enterprises was authorized to conduct business in the State of South Carolina and has maintained a principal place of business in Greenville, South Carolina.

{00478151.DOCX V. B551.026843;}        1

4. Upon information and belief, Defendant Fluor Daniel Caribbean, Inc. ("**Fluor Daniel**") is a dissolved corporation formerly organized and existing under the laws of the State of Delaware and authorized to conduct business in South Carolina. Fluor Daniel is a wholly owned subsidiary of Fluor Enterprises. At all times pertinent hereto, it is believed that Fluor Enterprises was transacting business as Fluor Daniel and that Fluor Enterprises exercised ownership, management and/or control over the operation of Fluor Daniel (Fluor Enterprises and Fluor Daniel are sometimes referred to collectively herein as "**Fluor**").

5. Pursuant to the subject contracts from which this action arises, all parties hereto have submitted to the personal jurisdiction of this Court and this action is governed by the laws of the State of South Carolina.

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 as there is complete diversity between the Plaintiffs and the Defendants and the amount in controversy exceeds Seventy-Five Thousand and 00/100 Dollars ($75,000.00).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS COMMON TO ALL CLAIMS

8. The subject matter of this action relates to a project commonly referred to as the Puerto Rico Power Restoration Project involving the repair and restoration of the power grid in Puerto Rico following Hurricane Irma and Hurricane Maria (the "**Project**").

9. Upon information and belief, in or about 2017, the United States Army Corps of Engineers ("**USACE**") awarded Fluor Enterprises a contract to serve as a prime contractor for the Project for work including the restoration, repair and replacement of structures and equipment supporting the power grid in Puerto Rico (the "**Prime Contract**").

10. Thereafter, Fluor sought to engage each of the Plaintiffs as subcontractors in connection with Fluor's performance of the Prime Contract.

11. On or about November 13, 2017, a meeting was conducted in Greenville, South Carolina, at which representatives from Fluor and representatives from each of the Plaintiffs were present, to negotiate the terms of such subcontracts between Fluor and the Plaintiffs for the Project.

12. Following this meeting, on or about November 20, 2017, Fluor Enterprises and B&B entered into a subcontract, identified as Contract No. R11PR-90-KG0024, pursuant to which B&B was to furnish certain labor, materials and equipment to Fluor for the Project (the "**B&B Subcontract**").

13. On the same date, Fluor Enterprises and SEC also entered into a subcontract, identified as Contract No. R1PR-90-KG0023, pursuant to which SEC was to furnish certain labor, materials and equipment to Fluor for the Project (the "**SEC Subcontract**"). The SEC Subcontract is substantially the same as the B&B Subcontract (the SEC Subcontract and the B&B Subcontract are referred to collectively herein as the "**Subcontracts**").

14. The Subcontracts were subsequently assigned from Fluor Enterprises to Fluor Daniel. Upon information and belief, following the assignments of the Subcontracts to Fluor Daniel, Fluor Enterprises, as the parent corporation of Fluor Daniel, continued to exercise substantial control over the performance of the Subcontracts by Fluor pursuant to its complete ownership, management and/or operation of Fluor Daniel.

15. Pursuant to the Subcontracts, Plaintiffs were required to provide certain labor and materials to Fluor for the Project and to secure and provide certain specialized equipment to Fluor for use at the Project.

16. In December 2017, at Fluor's direction, the Plaintiffs promptly initiated performance of the Subcontracts and mobilized the required labor, materials and equipment to the Project location in Puerto Rico.

17. Between December of 2017 and April of 2018, Plaintiffs furnished labor, materials and equipment to Fluor for the Project as required and in full performance of Plaintiffs' obligations under the Subcontracts.

18. In addition, during that period, Plaintiffs further furnished such additional labor, materials and equipment, and incurred such additional costs for the Project, as was requested by Fluor and for which Fluor promised Plaintiffs would receive full and fair compensation.

19. In connection therewith, Plaintiffs timely and properly submitted invoices to Fluor reflecting amounts due and owing to Plaintiffs in accordance with the terms of the Subcontracts.

20. However, with respect to several such invoices that were properly submitted by Plaintiffs, Fluor has failed and refused to make full payment of the invoice as required by the Subcontracts and pursuant to Fluor's promises to Plaintiffs, and an outstanding balance remains due and owing from Fluor.

21. As of the date of this Complaint, the following respective balances are due and owing to Plaintiffs under the Subcontracts: (1) a principal amount of One Million Thirty-Six Thousand Eight Hundred Fifty-Eight and 98/100 Dollars ($1,036,858.98) remains due and owing to B&B from Fluor under the B&B Subcontract; and (2) a principal amount of Two Million Ninety-Six Thousand Three Hundred Sixteen and 89/100 Dollars ($2,096,316.89) remains due and owing to SEC from Fluor under the SEC Subcontract.

22. Plaintiffs timely, properly and fully performed their obligations under the Subcontracts, duly invoiced for such performance in accordance with the terms of the

Subcontracts, and are entitled to receive full payment on the amounts due and owing to them under the Subcontracts.

23. Notwithstanding the foregoing, and despite repeated demands by Plaintiffs, Fluor has failed and refused to fully compensate Plaintiffs for the labor, materials and equipment furnished by Plaintiffs to Fluor for the Project and to pay the outstanding balances justly due to the Plaintiffs under the Subcontracts.

## FIRST CAUSE OF ACTION
### Breach of Contract [B&B]

24. The preceding paragraphs of this Complaint are hereby realleged as if fully restated herein.

25. The B&B Subcontract was entered into for good and valuable consideration and constitutes a legally binding agreement.

26. B&B timely and fully performed its contractual obligations under the B&B Subcontract and properly submitted invoices to Fluor reflecting amounts due and owing to it under the B&B Subcontract.

27. Fluor breached its obligations under the B&B Subcontract by failing to pay B&B in full for the amounts set forth in its invoices which are owed under the B&B Subcontract.

28. Despite B&B's reasonable demands for payment of the balance due under the B&B Subcontract, Fluor has unreasonably failed and refused to make payment of the outstanding balance justly due and owing to B&B under the B&B Subcontract in the principal amount of One Million Thirty-Six Thousand Eight Hundred Fifty-Eight and 98/100 Dollars ($1,036,858.98).

29. Fluor's failure and refusal to pay the outstanding balance due and owing to B&B under the B&B Subcontract constitutes a material breach of the B&B Subcontract.

30. Furthermore, by unjustifiably refusing to make payment of amounts justly due to B&B under the B&B Subcontract, Fluor has also breached the implied covenant of good faith and fair dealing with respect to the B&B Subcontract.

31. As a direct and proximate result of Fluor's breach(es) of the B&B Subcontract, B&B has been damaged in such sums as shall be proven at a trial of this matter, including, without limitation, the principal amount of at least One Million Thirty-Six Thousand Eight Hundred Fifty-Eight and 98/100 Dollars ($1,036,858.98), plus interest and costs, including reasonable attorney's fees, as allowable by law.

## SECOND CAUSE OF ACTION
### In the Alternative, *Quantum Meruit* [B&B]

32. The preceding paragraphs of this Complaint are hereby realleged as if fully restated herein.

33. The labor, materials and equipment furnished by B&B to Fluor for the Project were requested, accepted and used by Fluor for the purpose of fulfilling Fluor's obligations under the Prime Contract.

34. B&B furnished such labor, materials and equipment to Fluor for the Project under circumstances from which it was clear that B&B had a reasonable expectation to be paid for the same and did not do so gratuitously.

35. The reasonable and fair value of the labor, materials and equipment furnished by B&B to Fluor for the Project is in the principal amount of at least One Million Thirty-Six Thousand Eight Hundred Fifty-Eight and 98/100 Dollars ($1,036,858.98).

36. Fluor has failed to pay B&B the reasonable and fair value of the labor, materials and equipment furnished by B&B to Fluor for the Project and, as a result, Fluor has become unjustly enriched at the expense of B&B.

37. Based upon and due to the foregoing, B&B alternatively seeks and is entitled to recover from the Defendants in *quantum meruit* for the reasonable and fair value of the labor, materials and equipment furnished by B&B to Fluor for the Project for which B&B has not been paid in the principal amount of One Million Thirty-Six Thousand Eight Hundred Fifty-Eight and 98/100 Dollars ($1,036,858.98)

### THIRD CAUSE OF ACTION
### S.C. Code Ann. § 27-1-15 [B&B]

38. The preceding paragraphs of this Complaint are hereby realleged as if fully restated herein.

39. By letter dated December 20, 2019, B&B sent Fluor a final demand for payment of the amounts owed to it and, in accordance with S.C. Code Ann. § 27-1-15, a formal demand for Fluor to conduct a reasonable and fair investigation of the merits of B&B's claim and to pay the claim or whatever portion of the claim is determined to be valid (the "**B&B Demand Letter**"). A copy of the B&B Demand Letter is attached hereto as **Exhibit A** and incorporated herein by reference.

40. Upon information and belief, Fluor has failed to make a fair and reasonable investigation of the merits of B&B's claim and has unreasonably refused to pay B&B's claim, or any undisputed portion thereof, as set forth in the B&B Demand Letter.

41. As a result of Fluor's failure to comply with its obligations under S.C. Code Ann. § 27-1-15, Fluor is liable to B&B for the costs of this action, including B&B's attorney's fees, and interest at the judgment rate.

### FOURTH CAUSE OF ACTION
### Promissory Estoppel [B&B]

42. The preceding paragraphs of this Complaint are hereby realleged as if fully restated herein.

43. Fluor made repeated and unambiguous promises to compensate B&B for the labor, materials and equipment it rendered to the Project, and additional costs incurred by B&B for the Project, as requested by Fluor.

44. Fluor was aware and was able to foresee B&B's reliance upon the guarantees of payment for labor, materials and equipment that would be utilized, and costs that would be incurred, to comply with Fluor's demands.

45. As a direct result of Fluor's failure to adhere to these promises to compensate B&B for the labor, materials, equipment and additional costs incurred, B&B has been damaged in such sums as shall be proven at a trial of this matter, but not less than Seventy-Five Thousand and 00/100 Dollars ($75,000.00).

## FIFTH CAUSE OF ACTION
### Breach of Contract [SEC]

46. The preceding paragraphs of this Complaint are hereby realleged as if fully restated herein.

47. The SEC Subcontract was entered into for good and valuable consideration and constitutes a legally binding agreement.

48. SEC timely and fully performed its contractual obligations under the SEC Subcontract and properly submitted invoices to Fluor reflecting amounts due and owing to it under the SEC Subcontract.

49. Fluor breached its obligations under the SEC Subcontract by failing to pay SEC in full for the amounts set forth in its invoices which are owed under the SEC Subcontract.

50. Despite SEC's reasonable demands for payment of the balance due under the SEC Subcontract, Fluor has unreasonably failed and refused to make payment of the outstanding balance justly due and owing to SEC under the SEC Subcontract in the principal amount of Two Million Ninety-Six Thousand Three Hundred Sixteen and 89/100 Dollars ($2,096,316.89).

51. Fluor's failure and refusal to pay the outstanding balance due and owing to SEC under the SEC Subcontract constitutes a material breach of the SEC Subcontract.

52. Furthermore, by unjustifiably refusing to make payment of amounts justly due to SEC under the SEC Subcontract, Fluor has also breached the implied covenant of good faith and fair dealing with respect to the SEC Subcontract.

53. As a direct and proximate result of Fluor's breach(es) of the SEC Subcontract, SEC has been damaged in such sums as shall be proven at a trial of this matter, including, without limitation, the principal amount of at least Two Million Ninety-Six Thousand Three Hundred Sixteen and 89/100 Dollars ($2,096,316.89), plus interest and costs, including reasonable attorney's fees, as allowable by law.

### SIXTH CAUSE OF ACTION
### In the Alternative, *Quantum Meruit* [SEC]

54. The preceding paragraphs of this Complaint are hereby realleged as if fully restated herein.

55. The labor, materials and equipment furnished by SEC to Fluor for the Project were requested, accepted and used by Fluor for the purpose of fulfilling Fluor's obligations under the Prime Contract.

56. SEC furnished such labor, materials and equipment to Fluor for the Project under circumstances from which it was clear that SEC had a reasonable expectation to be paid for the same and did not do so gratuitously.

57. The reasonable and fair value of the labor, materials and equipment furnished by SEC to Fluor for the Project is in the principal amount of at least Two Million Ninety-Six Thousand Three Hundred Sixteen and 89/100 Dollars ($2,096,316.89).

58. Fluor has failed to pay SEC the reasonable and fair value of the labor, materials and equipment furnished by SEC to Fluor for the Project and, as a result, Fluor has become unjustly enriched at the expense of SEC.

59. Based upon and due to the foregoing, SEC alternatively seeks and is entitled to recover from the Defendants in *quantum meruit* for the reasonable and fair value of the labor, materials and equipment furnished by SEC to Fluor for the Project for which SEC has not been paid in the principal amount of Two Million Ninety-Six Thousand Three Hundred Sixteen and 89/100 Dollars ($2,096,316.89).

**SEVENTH CAUSE OF ACTION**
**S.C. Code Ann. § 27-1-15 [SEC]**

60. The preceding paragraphs of this Complaint are hereby realleged as if fully restated herein.

61. By letter dated December 20, 2019, SEC sent Fluor a final demand for payment of the amounts owed to it and, in accordance with S.C. Code Ann. § 27-1-15, a formal demand for Fluor to conduct a reasonable and fair investigation of the merits of SEC's claim and to pay the claim or whatever portion of the claim is determined to be valid (the "**SEC Demand Letter**"). A copy of the SEC Demand Letter is attached hereto as **Exhibit B** and incorporated herein by reference.

62. Upon information and belief, Fluor has failed to make a fair and reasonable investigation of the merits of SEC's claim and has unreasonably refused to pay SEC's claim, or any undisputed portion thereof, as set forth in the SEC Demand Letter.

63. As a result of Fluor's failure to comply with its obligations under S.C. Code Ann. § 27-1-15, Fluor is liable to SEC for the costs of this action, including SEC's attorney's fees, and interest at the judgment rate.

### EIGHTH CAUSE OF ACTION
### Promissory Estoppel [SEC]

64. The preceding paragraphs of this Complaint are hereby realleged as if fully restated herein.

65. Fluor made repeated and unambiguous promises to compensate SEC for the labor, materials and equipment it rendered to the Project, and additional costs incurred by SEC for the Project, as requested by Fluor.

66. Fluor was aware and was able to foresee SEC's reliance upon the guarantees of payment for labor, materials and equipment that would be utilized, and additional costs that would be incurred, to comply with Fluor's demands.

67. As a direct result of Fluor's failure to adhere to these promises to compensate SEC for the labor, materials, equipment and additional costs incurred, SEC has been damaged in such sums as shall be proven at a trial of this matter, but not less than Seventy-Five Thousand and 00/100 Dollars ($75,000.00).

### NINTH CAUSE OF ACTION
### Breach of Bailment Duty [SEC]

68. The preceding paragraphs of this Complaint are hereby realleged as if fully restated herein.

69. In connection with the mobilization of SEC's equipment to the location of the Project in Puerto Rico, as required for the performance of the SEC Subcontract, at Fluor's request

and direction, SEC delivered its equipment to Fluor at certain designated ports in the United States for transportation to Puerto Rico.

70.     Likewise, in connection with the later demobilization of SEC's equipment from the Project, at Fluor's request and direction, SEC again delivered the equipment to Fluor at certain designated ports in Puerto Rico for transportation back to the United States by Fluor where it would be returned to SEC.

71.     Pursuant to the foregoing, SEC delivered its equipment to Fluor's exclusive care, custody and control for transportation to and from Puerto Rico, and Fluor accepted SEC's equipment into its exclusive care, custody and control for and during transportation to and from Puerto Rico.

72.     In connection therewith, SEC entrusted its equipment to Fluor for the purpose of effecting the safe, careful and supervised transportation of the equipment to and from Puerto Rico.

73.     Based upon and due to the foregoing, a condition of bailment or constructive bailment existed between SEC and Fluor with respect to the equipment delivered by SEC to Fluor's care, custody and control for the purpose of transporting the equipment to and from Puerto Rico, which transportation was for the mutual benefit of both SEC and Fluor.

74.     As such, Fluor had an obligation to use reasonable care to safeguard SEC's equipment during the period in in which the equipment was entrusted to Fluor's care, custody and control for transportation and to return it to SEC in substantially the same condition as received.

75.     However, while SEC's equipment was in Fluor's care, custody and control and being transported back to the United States, several pieces of equipment were damaged due to acts and omissions on the part of Fluor and/or Fluor's agents, employees, representatives or other parties under Fluor's control.

76. By failing to safely keep and care for the equipment while it was in Fluor's care, custody and control and by failing to return the equipment to SEC in the same good order and condition as at the time Fluor accepted care, custody and control of the equipment, Fluor violated its obligations as bailee.

77. As a direct and proximate result of the Fluor's violation(s) of its duties as bailee, SEC has been damaged in such sums as shall be proven at a trial of this matter, but not less than Seventy-Five Thousand and 00/100 Dollars ($75,000.00).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray this Court for the following relief:

1. That B&B have and recover judgment from Defendants on the First Cause of Action, and be awarded damages in the principal amount of One Million Thirty-Six Thousand Eight Hundred Fifty-Eight and 98/100 Dollars ($1,036,858.98)**,** plus interest and costs, including reasonable attorney's fees, as allowable by law;

2. In the alternative, under the Second Cause of Action, that B&B have and recover from Defendants in *quantum meruit* the sum of not less than One Million Thirty-Six Thousand Eight Hundred Fifty-Eight and 98/100 Dollars ($1,036,858.98), as the reasonable and fair value of the labor, materials and equipment furnished by B&B, as set forth herein, plus interest and costs, including reasonable attorney's fees, as allowable by law;

3. Under the Third Cause of Action, and pursuant to S.C. Code Ann. § 27-1-15, that Defendants be held liable to B&B for the costs of this action, including B&B's attorney's fees, and interest at the judgment rate;

4. That B&B have and recover judgment from Defendants on the Fourth Cause of Action, and be awarded damages in the amount proven at the trial of this matter, plus interest and costs, including reasonable attorney's fees, as allowable by law

5. That SEC have and recover judgment from Defendants on the Fifth Cause of Action, and be awarded damages in the principal amount of Two Million Ninety-Six Thousand Three Hundred Sixteen and 89/100 Dollars ($2,096,316.89), plus interest and costs, including reasonable attorney's fees, as allowable by law;

6. In the alternative, under the Sixth Cause of Action, that SEC have and recover from Defendants in *quantum meruit* the sum of not less than Two Million Ninety-Six Thousand Three Hundred Sixteen and 89/100 Dollars ($2,096,316.89), as the reasonable and fair value of the labor, materials and equipment furnished by SEC, as set forth herein, plus interest and costs, including reasonable attorney's fees, as allowable by law;

7. Under the Seventh Cause of Action, and pursuant to S.C. Code Ann. § 27-1-15, that Defendants be held liable to SEC for the costs of this action, including SEC's attorney's fees, and interest at the judgment rate;

8. That SEC have and recover judgment from Defendants on the Eighth Cause of Action, and be awarded damages in the amount proven at the trial of this matter, plus interest and costs, including reasonable attorney's fees, as allowable by law

9. That SEC have and recover judgment from Defendants on the Ninth Cause of Action, and be awarded damages in the amount proven at the trial of this matter, plus interest and costs, including reasonable attorney's fees, as allowable by law;

10. That the costs of this action be taxed against the Defendants;

11. For a trial by jury on all issues so triable; and

12. For such other and further relief and this Court deems just and proper.

This the 24th day of February, 2020.

                                **HAMILTON STEPHENS STEELE + MARTIN, PLLC**

By:    */s/ Tracy T. James*
        Tracy T. James (SC Bar No. 73613)
        525 N. Tryon Street, Suite 1400
        Charlotte, North Carolina 28205
        Telephone: (704) 344-1117
        Facsimile: (704) 344-1483
        Email: tjames@lawhssm.com
        *Attorney for Plaintiffs*