IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| B&B ELECTRICAL AND UTILITY CONTRACTORS, INC. and SOUTHERN ELECTRIC CORPORATION OF MISSISSIPPI,<br><br>Plaintiffs,<br><br>vs.<br><br>FLUOR ENTERPRISES, INC. and FLUOR DANIEL CARIBBEAN, INC.<br><br>Defendants. | Civil Action No.: 6:20-cv-00832-TMC<br><br>**PLAINTIFFS' ANSWER TO DEFENDANTS' COUNTERCLAIMS** |

**NOW COME** Plaintiffs B&B Electrical and Utility Contractors, Inc. ("**B&B**") and Southern Electric Corporation of Mississippi ("**SEC**") (collectively, the "**Plaintiffs**"), by and through the undersigned counsel, responding to the Counterclaims (the "**Counterclaims**") of Defendants Fluor Enterprises, Inc. ("**Fluor Enterprises**") and Fluor Daniel Caribbean, Inc. ("**Fluor Daniel**") (collectively, the "**Defendants**" or "**Fluor**") as follows:

**FOR A FIRST DEFENSE**
**(Motion to Dismiss)**

The Counterclaims fail to state a claim upon which relief may be granted and, therefore, should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, and without limitation, Plaintiffs move to dismiss the quasi-contractual claims contained in the Counterclaims, including the claims for Quantum Meruit asserted against B&B and SEC, respectively, in the Third and Fourth Counterclaim Causes of Action, and the claims for Unjust Enrichment asserted against B&B and SEC, respectively, in the Fifth and Sixth

{00514856.DOCX V. B551.026843;}              1

Counterclaim Causes of Action, on the basis that the subject matter of such claims is encompassed by the written Subcontracts,

Under South Carolina law, it is well established that there may be no recovery under a quasi-contractual claim where the compensation being sought is encompassed within the terms of an express contract between the parties. *See Swanson v. Stratos*, 350 S.C. 116, 122, 564 S.E.2d 117, 120 (Ct. App. 2002). *See also A&P Enters., LLC v. SP Grocery of Lynchburg, LLC*, 422 S.C. 579, 591, 812 S.E.2d 759, 765 (Ct. App. 2018) (recovery under quantum meruit is based on quasi-contract); *JASDIP Props. SC, LLC v. Estate of Richardson*, 395 S.C. 633, 640, 720 S.E.2d 485, 488 (Ct. App. 2011) (unjust enrichment is based on doctrine of quasi-contracts). "While parties are permitted under South Carolina law to pursue quasi contractual claims when there is no valid contract between the parties, or there is some question as to whether the contract is enforceable or applies to the dispute, when the parties agree. . .that a valid and enforceable contract exists which covers the dispute between them, such a claim is superfluous." *Boldt Co. v. Thomason Elec. & Am. Contractors Indem. Co.*, 820 F. Supp. 2d 703, 707 (D.S.C. 2007). In such circumstances, the quasi-contractual claims are properly dismissed for failure to state a claim for relief. *See id.*

In the present case, there is a consensus among the parties that the Subcontracts constitute valid and existing contracts. Moreover, the entirety of the dispute underlying the quasi-contractual claims contained in the Counterclaims arises from and is encompassed by the express terms of the Subcontracts. Therefore, Plaintiffs are entitled to dismissal of the Third, Fourth, Fifth and Sixth Counterclaim Causes of Action as a matter of law.

**FOR A SECOND DEFENSE**
**(Answer to Allegations)**

1.      Each and every allegation of the Counterclaims not hereinafter specifically admitted is denied and strict proof is demanded thereof.

2. Paragraphs 1–147 of Defendants' Answer and Counterclaims form part of Defendants' Answer to Plaintiffs' Amended Complaint and therefore do not require a response.

3. Paragraph 148 of Defendants' Counterclaims is a statement of intent noting the assertion of the counterclaims of Defendants against Plaintiffs and does not require a response. Plaintiffs respond to the substantive allegations of the Counterclaims as more specifically set forth below.

## PARTIES, JURISDICTION, AND VENUE

4. Plaintiffs are without sufficient information to either admit or deny the allegations contained in Paragraphs 149, 150, and 151 of the Counterclaims and therefore deny the same.

5. Plaintiffs admit the allegations contained in Paragraphs 152–155 of Counterclaims, on information and belief.

6. Plaintiffs admit so much of the allegations contained in Paragraph 156 of the Counterclaims as allege or may be construed to allege that, if the Court has jurisdiction over the Counterclaims, venue would be proper in the United States District Court for the District of South Carolina, Greenville Division.

## FACTUAL BACKGROUND

7. Plaintiffs admit the allegations contained in Paragraph 157 of the Counterclaims, on information and belief.

8. Plaintiffs admit so much of Paragraph 158 of the Counterclaims as alleges that the United States Army Corps of Engineers ("USACE") awarded Fluor Enterprises a contract related to the restoration of the Power Grid. Except as expressly admitted herein, Plaintiffs are without sufficient information to either admit or deny the allegations contained in Paragraph 158 of the Counterclaims and therefore deny the same.

9.     Plaintiffs are without sufficient information to either admit or deny the allegations contained in Paragraph 159 of the Counterclaims and therefore deny the same. Further responding, Plaintiffs refer to the B&B Subcontract which speaks for itself, deny any allegations inconsistent therewith, and demand strict proof thereof.

10.    Plaintiffs deny the allegations contained in Paragraph 160 of the Counterclaim and demand strict proof thereof.

11.    Plaintiffs are without sufficient information to either admit or deny the allegations contained in Paragraph 161 of the Counterclaims and therefore deny the same. Further responding, Plaintiffs refer to the SEC Subcontract which speaks for itself, deny any allegations inconsistent therewith, and demand strict proof thereof.

12.    Plaintiffs deny the allegations contained in Paragraph 162 of the Counterclaim and demand strict proof thereof.

13.    Responding to the allegations contained in Paragraphs 163–165 of the Counterclaims, Plaintiffs refer to the Subcontracts which speak for themselves, deny any allegations inconsistent therewith, and demand strict proof thereof.

14.    Responding to the allegations contained in Paragraph 166 of the Counterclaims, Plaintiffs admit that B&B is owned and operated by Brien Blakeney, that SEC is owned and operated by Ken Blakeney and Steve Weaver, and that Brien and Ken Blakeney are brothers. Plaintiffs further admit that representatives from B&B and SEC met with representatives of Fluor in Greenville, South Carolina on or about November 13, 2017 to negotiate the terms of the Subcontracts, that the Plaintiffs collectively had discussions with Fluor concerning the terms of the Subcontracts both prior to and after the November 13, 2017 in person meeting, and that the Plaintiffs have also collectively participated in negotiations with Fluor related to the parties'

disputes arising from the Project. Plaintiffs deny all remaining allegations contained in Paragraph 166 of the Counterclaims and demand strict proof thereof.

15. Plaintiffs are without sufficient information to either admit or deny the allegations contained in Paragraph 167 of the Counterclaims. Further responding, Plaintiffs admit so much of Paragraph 167 as may be construed to allege that, pursuant to the Subcontracts and as directed by Fluor, Plaintiffs expediently provided labor and equipment to the Project. Except as expressly admitted, Paragraph 167 is denied.

16. Responding to the allegations contained in Paragraphs 168–183 of the Counterclaims, Plaintiffs refer to the Subcontracts which speak for themselves, deny any allegations inconsistent therewith, and demand strict proof thereof. Further responding, Plaintiffs expressly deny that equipment costs are not incorporated as a separately reimbursable and/or compensable item under the Subcontracts, and that the equipment Schedule of Values attached to the Subcontracts is not incorporated into and a part of the Subcontracts, and demand strict proof thereof.

17. Plaintiffs deny the allegations contained in Paragraphs 184–188 of the Counterclaims and demand strict proof thereof.

18. Responding to the allegations contained in Paragraph 189 of the Counterclaims, Plaintiffs admit that over a year after the Project had ended, in July 2019, Fluor sent a letter to each of the Plaintiffs in which it for the first time presented its present position that it overpaid when it paid Plaintiffs the full amount of the equipment invoices submitted for December 2017, January 2018 and February 2018. Plaintiffs further admit that in that letter Fluor attempted to justify Fluor's failure to pay the equipment invoices submitted by Plaintiffs for March 2018 and April 2018 by asserting that equipment was to be billed at a daily rate despite the monthly rates for

equipment set forth in the Subcontracts. Except as expressly admitted, any and all remaining allegations contained in Paragraph 189 are denied.

19. Paragraph 190 is denied. Further responding, Plaintiffs specifically deny so much of the allegations contained in Paragraph 190 of the Counterclaims as allege or as may be construed to allege that there was any overpayment to either Plaintiff by Fluor, and Plaintiffs demand strict proof thereof. Plaintiffs further deny so much of the allegations as allege or as may be construed to allege that Fluor is entitled to an offset with respect to the amounts that remain due and owing to Plaintiffs under the Subcontracts, and Plaintiffs demand strict proof thereof.

20. Paragraph 191 of the Counterclaims calls for a legal conclusion to which no response is required. To the extent a response is required, Plaintiffs refer to the terms of the Subcontracts and deny anything inconsistent therewith. Except as expressly admitted, Paragraph 191 is denied.

21. Paragraph 192 of the Counterclaims is denied and strict proof demanded thereof. Further responding, as to B&B, Plaintiffs admit that, to date, the total amount paid to B&B under the B&B Subcontract is Thirty-Nine Million Five Hundred Twenty-Four Thousand Six Hundred Seventy and 30/100 Dollars ($39,524,670.30), on information and belief. As to SEC, to date, the total amount paid to SEC under the SEC Subcontract is Sixty-Eight Million Seven Hundred Fifty-Nine Thousand Two Hundred Seven and 40/100 ($68,759,207.40).

22. Paragraph 193 of the Counterclaims is denied and strict proof demanded thereof.

FIRST COUNTERCLAIM CAUSE OF ACTION
(*Breach of Contract – B&B*)

23. Plaintiffs incorporate the prior responses, admissions, denials and defenses set forth hereinabove as if fully restated herein.

{00514856.DOCX V. B551.026843;}           6

24. Responding to Paragraph 195 of the Counterclaims, Plaintiffs admit that the B&B Subcontract is a valid and enforceable contract between B&B and Fluor. Except as expressly admitted, Paragraph 195 is denied, including, without limitation, to the extent it suggests the Subcontract is not enforceable as to Fluor Enterprises.

25. Paragraph 196 of the Counterclaims is denied. Further responding, Plaintiffs refer to the written B&B Subcontract and any modifications thereto, which speaks for itself, as the best evidence of the terms thereof, deny any allegations inconsistent therewith, and demand strict proof thereof.

26. Paragraph 197 of the Counterclaims is denied and strict proof demanded thereof.

27. Paragraph 198 of the Counterclaims is denied and strict proof demanded thereof. Further responding, Plaintiffs specifically deny so much of the allegations contained in Paragraph 198 of the Counterclaims as allege or as may be construed to allege that any of B&B's invoices for equipment were not properly submitted for valid amounts due and owing to B&B pursuant to the B&B Subcontract and that Fluor did not have "use" of the equipment provided by B&B once mobilized.

28. Paragraph 199 of the Counterclaims is denied. Further responding, Plaintiffs admit that over a year after the Project had ended, in July 2019, Fluor sent a letter to B&B in which Fluor for the first time presented its present position that it overpaid when it paid B&B the full amount of the equipment invoices submitted for December 2017, January 2018 and February 2018 and in which Fluor further attempted to justify its failure to pay the equipment invoice submitted by B&B for March 2018 by asserting that equipment was to be billed at a daily rate despite the monthly rates for equipment set forth in the Subcontracts. Plaintiffs deny any overpayment to B&B by Fluor with respect to equipment invoices submitted by B&B for December 2017, January 2018 and

February 2018, and Plaintiffs demand strict proof thereof. Plaintiffs further deny so much of the allegations as allege or as may be construed to allege that the full amount of the equipment invoice submitted by B&B for March 2018 is not properly due and owing to B&B under the B&B Subcontract, and Plaintiffs demand strict proof thereof.  Except as expressly admitted herein, Paragraph 199 is denied.

29. Paragraph 200 of the Counterclaims is denied and strict proof demanded thereof.

30. Paragraph 201 of the Counterclaims is a reservation by Fluor Daniel that does not require a response.  To the extent a response is required, Plaintiffs deny that Fluor Daniel is entitled to audit Plaintiffs' records, refer to the written terms of the Plaintiffs' Subcontracts concerning Fluor Daniel's audit rights, if any, and deny anything inconsistent therewith.

31. Plaintiffs deny the allegations contained in Paragraph 202 of the Counterclaims, including any and all alleged damages, and demand strict proof thereof.

SECOND COUNTERCLAIM CAUSE OF ACTION
(*Breach of Contract – SEC*)

32. Plaintiffs incorporate the prior responses, admissions, denials and defenses set forth hereinabove as if fully restated herein.

33. Responding to Paragraph 204 of the Counterclaims, Plaintiffs admit that the SEC Subcontract is a valid and enforceable contract between SEC and Fluor. Except as expressly admitted, Paragraph 204 is denied, including, without limitation, to the extent it suggests the Subcontract is not enforceable as to Fluor Enterprises.

34. Paragraph 205 of the Counterclaims is denied.  Further responding, Plaintiffs refer to the written SEC Subcontract and any modifications thereto, which speaks for itself, as the best evidence of the terms thereof, deny any allegations inconsistent therewith, and demand strict proof thereof.

35. Paragraph 206 of the Counterclaims is denied and strict proof demanded thereof.

36. Paragraph 207 of the Counterclaims is denied and strict proof demanded thereof. Further responding, Plaintiffs specifically deny so much of the allegations contained in Paragraph 207 of the Counterclaims as allege or as may be construed to allege that any of SEC's invoices for equipment were not properly submitted for valid amounts due and owing to SEC pursuant to the SEC Subcontract and that Fluor did not have "use" of the equipment provided by SEC once mobilized.

37. Paragraph 208 of the Counterclaims is denied. Further responding, Plaintiffs admit that over a year after the Project had ended, in July 2019, Fluor sent a letter to SEC in which Fluor for the first time presented its present position that it overpaid when it paid SEC the full amount of the equipment invoices submitted for December 2017, January 2018 and February 2018 and in which Fluor further attempted to justify its failure to pay the equipment invoices submitted by SEC for March 2018 and April 2018 by asserting that equipment was to be billed at a daily rate despite the monthly rates for equipment set forth in the Subcontracts. Plaintiffs deny any overpayment to SEC by Fluor with respect to equipment invoices submitted by SEC for December 2017, January 2018 and February 2018, and Plaintiffs demand strict proof thereof. Plaintiffs further deny so much of the allegations as allege or as may be construed to allege that the full amount of the equipment invoices submitted by SEC for March 2018 and April 2018 are not properly due and owing to SEC under the SEC Subcontract, and Plaintiffs demand strict proof thereof. Except as expressly admitted herein, Paragraph 208 is denied.

38. Paragraph 209 of the Counterclaims is denied and strict proof demanded thereof.

39. Paragraph 210 of the Counterclaims is a reservation by Fluor Daniel that does not require a response. To the extent a response is required, Plaintiffs deny that Fluor Daniel is entitled

to audit Plaintiffs' records, refer to the written terms of the Plaintiffs' Subcontracts concerning FDC's audit rights, if any, and deny anything inconsistent therewith.

40. Plaintiffs deny the allegations contained in Paragraph 211 of the Counterclaims, including any and all alleged damages, and demand strict proof thereof.

THIRD COUNTERCLAIM CAUSE OF ACTION
(*Quantum Meruit – B&B*)

41. Plaintiffs incorporate the prior responses, admissions, denials and defenses set forth hereinabove as if fully restated herein.

42. Plaintiffs deny the allegations contained in Paragraph 213 of the Counterclaims and demand strict proof thereof.

43. Paragraph 214 of the Counterclaims is denied. Further responding to the allegations contained in Paragraph 214 of the Counterclaims, Plaintiffs specifically deny that Fluor Daniel has requested B&B to issue payment in any amount to Fluor Daniel. Plaintiffs further deny so much of the allegations as allege or may be construed to allege that B&B has received any overpayment from Fluor Daniel. Further responding, Plaintiffs are without sufficient knowledge or information to admit or deny the allegations pertaining to Fluor Daniel's internal post-performance audit process but dispute that such process is proper and/or being conducted with a proper motive or purpose.

44. Plaintiffs deny the allegations contained in Paragraphs 215–217 of the Counterclaims and demand strict proof thereof.

45. Paragraph 218 of the Counterclaims is a reservation by Fluor Daniel that does not require a response. To the extent a response is required, Plaintiffs deny that Fluor Daniel is entitled to audit Plaintiffs' records, refer to the written terms of the Plaintiffs' Subcontracts concerning Fluor Daniel's audit rights, if any, and deny anything inconsistent therewith.

46. Plaintiffs deny the allegations contained in Paragraph 219 of the Counterclaims, including any and all alleged damages, and demand strict proof thereof.

FOURTH COUNTERCLAIM CAUSE OF ACTION
(*Quantum Meruit – SEC*)

47. Plaintiffs incorporate the prior responses, admissions, denials and defenses set forth hereinabove as if fully restated herein.

48. Plaintiffs deny the allegations contained in Paragraph 221 of the Counterclaims and demand strict proof thereof.

49. Paragraph 222 of the Counterclaims is denied. Further responding to the allegations contained in Paragraph 222 of the Counterclaims, Plaintiffs specifically deny that Fluor Daniel has requested SEC to issue payment in any amount to Fluor Daniel. Plaintiffs further deny so much of the allegations as allege or may be construed to allege that SEC has received any overpayment from Fluor Daniel. Further responding, Plaintiffs are without sufficient knowledge or information to admit or deny the allegations pertaining to Fluor Daniel's internal post-performance audit process but deny that such process is proper and/or being conducted with a proper motive or purpose.

50. Plaintiffs deny the allegations contained in Paragraphs 223–225 of the Counterclaims and demand strict proof thereof.

51. Paragraph 226 of the Counterclaims is a reservation by Fluor Daniel that does not require a response. To the extent a response is required, Plaintiffs deny that Fluor Daniel is entitled to audit Plaintiffs' records, refer to the written terms of the Plaintiffs' Subcontracts concerning Fluor Daniel's audit rights, if any, and deny anything inconsistent therewith.

52. Plaintiffs deny the allegations contained in Paragraph 227 of the Counterclaims, including any and all alleged damages, and demand strict proof thereof.

## FIFTH COUNTERCLAIM CAUSE OF ACTION
(*Unjust Enrichment – B&B*)

53. Plaintiffs incorporate the prior responses, admissions, denials and defenses set forth hereinabove as if fully restated herein.

54. Plaintiffs admit so much of the allegations contained in Paragraph 229 of the Counterclaims as allege or as may be construed to allege that B&B properly submitted invoices to Fluor for the Project pursuant to the B&B Subcontract and/or the parties' agreement. Plaintiffs further admit that B&B has received some payment from Fluor for such properly invoiced amounts. Further responding, Plaintiffs deny that B&B has received full payment from Fluor for all properly invoiced amounts that were reasonable and allocable pursuant to the B&B Subcontract and/or the parties' agreement, and Plaintiffs demand strict proof thereof. Except as expressly admitted herein, Paragraph 229 of the Counterclaims is denied.

55. Paragraphs 230–231 of the Counterclaims are denied and strict proof demanded thereof.

56. Paragraphs 232–233 of the Counterclaims are denied. Further responding, Plaintiffs specifically deny so much of the allegations contained in Paragraphs 232–233 of the Counterclaims as allege or as may be construed to allege that Fluor has demanded any repayment from B&B, and Plaintiffs demand strict proof thereof. Plaintiffs further deny so much of the allegations as allege or as may be construed to allege that there was, in fact, any overpayment to B&B by Fluor with respect to any invoices submitted by B&B for the Project or that any credits are owed to Fluor, and Plaintiffs demand strict proof thereof.

57. Paragraph 234 of the Counterclaims is a reservation by Fluor Daniel that does not require a response. To the extent a response is required, Plaintiffs deny that Fluor Daniel is entitled

to audit Plaintiffs' records, refer to the written terms of the Plaintiffs' Subcontracts concerning Fluor Daniel's audit rights, if any, and deny anything inconsistent therewith.

58. Plaintiffs deny the allegations contained in Paragraph 235 of the Counterclaims, including any and all alleged damages, and demand strict proof thereof.

### SIXTH COUNTERCLAIM CAUSE OF ACTION
(*Unjust Enrichment – SEC*)

59. Plaintiffs incorporate the prior responses, admissions, denials and defenses set forth hereinabove as if fully restated herein.

60. Plaintiffs admit so much of the allegations contained in Paragraph 237 of the Counterclaims as allege or as may be construed to allege that SEC properly submitted invoices to Fluor for the Project pursuant to the SEC Subcontract and/or the parties' agreement. Plaintiffs further admit that SEC has received some payment from Fluor for such properly invoiced amounts. Further responding, Plaintiffs deny that SEC has received full payment from Fluor for all properly invoiced amounts that were reasonable and allocable pursuant to the SEC Subcontract and/or the parties' agreement, and Plaintiffs demand strict proof thereof. Except as expressly admitted herein, Paragraph 237 of the Counterclaims is denied.

61. Paragraphs 238–239 of the Counterclaims are denied and strict proof demanded thereof.

62. Paragraphs 240–241 of the Counterclaims are denied. Further responding, Plaintiffs specifically deny so much of the allegations contained in Paragraphs 240–241 as allege or as may be construed to allege that Fluor has demanded any repayment from SEC, and Plaintiffs demand strict proof thereof. Plaintiffs further deny so much of the allegations as allege or as may be construed to allege that there was, in fact, any overpayment to SEC by Fluor with respect to

any invoices submitted by SEC for the Project or that any credits are owed to Fluor, and Plaintiffs demand strict proof thereof.

63.     Paragraph 242 of the Counterclaims is a reservation by Fluor Daniel that does not require a response.  To the extent a response is required, Plaintiffs deny that Fluor Daniel is entitled to audit Plaintiffs' records, refer to the written terms of the Plaintiffs' Subcontracts concerning Fluor Daniel's audit rights, if any, and deny anything inconsistent therewith.

64.     Plaintiffs deny the allegations contained in Paragraph 243 of the Counterclaims, including any and all alleged damages, and demand strict proof thereof.

### FOR A THIRD DEFENSE

65.     The claims asserted in the Counterclaims are barred, in whole or in part, as untimely based upon the doctrine of laches.

### FOR A FOURTH DEFENSE

66.     The claims asserted in the Counterclaims are barred, in whole or in part, based upon one or more of the doctrines of waiver, unclean hands, and/or equitable estoppel.

### FOR A FIFTH DEFENSE

67.     Defendants are not entitled to attorneys' fees, costs or expenses as a matter of law.

### FOR A SIXTH DEFENSE

68.     The claims asserted in the Counterclaims are barred because there are no monies due and owing from either of the Plaintiffs to either of the Defendants.

### FOR A SEVENTH DEFENSE

69.     In further defense of the Counterclaims, Plaintiffs hereby incorporate by reference each and every allegation and claim for relief asserted in the Plaintiffs' Amended Complaint as if fully restated herein.

**RESERVATION**

Plaintiffs reserve the right to amend this answer and to assert additional defenses as the claims asserted in the Defendants' Counterclaims are more fully disclosed during the course of discovery and litigation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully pray the Court for the following relief:

1. That the Counterclaims be dismissed, in their entirety, with prejudice;

2. That Defendants have and recover nothing from Plaintiffs;

3. That Plaintiffs be awarded costs and expenses incurred in the defense of the Counterclaims;

4. That Plaintiffs prevail on their Amended Complaint; and

5. For such other and further relief as this Court deems just and proper.

THIS the 4th day of November, 2020.

        **HAMILTON STEPHENS STEELE + MARTIN, PLLC**

By: */s/ Tracy T. James*
Tracy T. James (Fed ID No. 9804)
525 N. Tryon Street, Suite 1400
Charlotte, NC 28202
Telephone: (704) 344-1117
Facsimile: (704) 344-1483
Email: tjames@lawhssm.com
*Attorney for Plaintiffs B&B Electrical and Utility Contractors, Inc. and Southern Electric Corporation of Mississippi*